UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| BRANDON HONEYCUTT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 2:12-cv-391; 2:10-cr-125(1) |
| | ) | *Judge Greer* |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Brandon Honeycutt ("Honeycutt" or "petitioner") has filed a motion to vacate, set aside or correct his sentence, alleging that his counsel failed to file a requested notice of appeal and, thereby, gave him ineffective assistance, [Doc. 20].[1] The United States has responded that it agrees that Honeycutt is entitled to have his appeal rights reinstated, since his attorney has confirmed that he asked her to file an appeal on his behalf and that she did not comply with his request, [Doc. 21]. For the following reasons, the § 2255 motion will be **GRANTED**.

Under 28 U.S.C. § 2255(a), a federal prisoner may make a motion to vacate, set aside, or correct his judgment of conviction and sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States; that the court lacked jurisdiction to impose the sentence; or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. A petitioner alleging an error of constitutional magnitude must

---

[1] All docket number references are to the docket numbers in No. 2:10-cr-125.

demonstrate that it had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley*, 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). An evidentiary hearing is unnecessary if there are no material issues of fact in dispute. *Valentine v. United States*, 488 F.3d 325, (6th Cir. 2007). The Court finds no need for an evidentiary hearing in this matter. *See United States v. Anderson*, 409 F. Supp. 2d 925 (S.D. Ohio 2005) (granting a § 2255 petition without an evidentiary hearing where the government did not contest petitioner's allegation that counsel failed to file an appeal after being requested to do so).

Honeycutt was convicted, pursuant to his guilty plea, of being a felon in possession of a firearm, 18 U.S.C. § § 922(g)(1) and 914(e)(1), receiving a 180-month prison sentence for this offense. He did not file a notice of appeal.

In support of his § 2255 motion, Honeycutt alleges that he received ineffective assistance of counsel when his attorney failed to file a direct appeal. According to Honeycutt, he asked his attorney to file an appeal and she failed to do so. Petitioner's counsel verifies this allegation in an affidavit attached to the United States's response, [Doc. 21-1, Affidavit of Nikki Pierce].

The Supreme Court has established a two-part test for determining when assistance of counsel is ineffective. *Lockhart v. Fretwell*, 506 U.S. 364, 376-79 (1993); *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that his counsel's errors were so egregious as to render counsel's performance constitutionally deficient, that is, outside the "wide range of professional assistance." *Strickland*, 466 U.S. at 687. Second, a petitioner who enters a plea of guilty must establish "prejudice," by showing that there is a reasonable probability that, but for counsel's professional errors, he would not have pleaded guilty but would have insisted on standing trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In *Campbell v. United States*, 686 F.3d

2

Case 2:10-cr-00125-JRG   Document 25   Filed 12/04/13   Page 2 of 4   PageID #: 60

353, 360 (6th Cir. 2012), the Sixth Circuit held that "an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal."

In response to the § 2255 motion, the government through its counsel implicitly concedes that Honeycutt received ineffective assistance of counsel in this regard and does not oppose relief. In the case where counsel was ineffective by failing to timely file a notice of appeal, the correct procedure is to grant the § 2255 motion and reimpose the same sentence, so that the time for filing an appeal recommences. *See Johnson v. United States*, 146 Fed.Appx. 4, 2005 WL 1506050 (6th Cir. June 27, 2005) (citing *Rosinski v. United States*, 459 F.2d 59 (6th Cir. 1972) (per curiam)).

Under the circumstances, the Court finds that petitioner's motion to vacate, set aside or correct sentence should be **GRANTED** on the ground that he was denied the effective assistance of counsel when his attorney failed to file a direct appeal. Petitioner's sentence will be **VACATED** and the Court will **REIMPOSE** the same sentence. The Court will enter an Amended Judgment. Honeycutt is hereby notified of the rights associated with an appeal from the sentence the Court will reimpose:

(1) Petitioner has the right to appeal the reimposed sentence. The Clerk's Office will be **ORDERED** to file a notice of appeal for Honeycutt within **FOURTEEN DAYS** from the entry of the Amended Judgment, in accordance with Fedreal Rule of Appellate Procedure 4(b)(1)(A)(i).

(2) If petitioner cannot afford counsel to represent him on appeal, he should make a request for appointment of counsel. Counsel will be appointed if petitioner cannot afford an attorney to represent him on appeal. Accordingly, the Clerk will be **DIRECTED** to send Honeycutt a CJA 23 Financial Affidavit for appointment of counsel, which he should complete and return, within twenty

3

(20) days of the date of this Memorandum and accompanying Judgment Order, if he seeks appointed counsel.

IT IS SO ORDERED.

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
