UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

BRANDON DOUGLAS HONEYCUTT, )
)
Petitioner, )
)
v. ) Nos. 2:10-CR-125-JRG-1
) 2:16-CV-87-JRG
UNITED STATES OF AMERICA, )
)
Respondent. )

**MEMORANDUM OPINION**

Before the Court now is Petitioner's pro se motion to vacate, set aside, or correct his

sentence pursuant to 28 U.S.C. § 2255 [Docs. 38, 43].[1]  The United States responded in

opposition on May 23, 2016 [Doc. 41], and Petitioner's time to reply has lapsed.  For the reasons

below, the motion [Docs. 38, 43] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.      BACKGROUND**

In 2011, Petitioner pled guilty, without the benefit of a plea agreement, to possessing a

firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) [Docs. 11, 13].  At that time, he had

several prior Tennessee convictions—six 2006 Tennessee convictions for burglary [Presentence

Investigation Report ("PSR") ¶¶ 54, 56, 57], and two 2006 Tennessee convictions for aggravated

burglary [Id. ¶ 55].  Based on these convictions, the Court deemed Petitioner to be an armed

career criminal and thus subject to the enhanced fifteen-year mandatory minimum under the

---

[1]      In addition to filing a copy with this Court, Petitioner appears to have sent his petition to
the Sixth Circuit in hopes of obtaining leave to file the "successive" motion in accordance with
28 U.S.C. § 2255(h)(2).  Noting that no such authorization was required, the Sixth Circuit denied
the request as unnecessary and instructed the Appellate Clerk's Office to transfer the filing to the
district court [Docs. 42, 43].  Because the transferred motion and original petition are
substantively identical [Docs. 38, 43], this Court will treat both as a single petition for collateral
relief filed on the date of the latter.

Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) [*Id.* ¶ 26]. In accordance therewith, Petitioner received 180 months' incarceration and five years' supervised release [Doc. 18].

Several months thereafter, Petitioner filed a collateral attack arguing that counsel's failure to file a direct appeal entitled him to a delayed proceeding [Doc. 20]. Counsel acknowledged that Petitioner timely requested that an appeal be filed on his behalf and the United States agreed that Petitioner was entitled to a delayed proceeding [Docs. 21, 21-1] This Court agreed, vacated Petitioner's original sentence, and reimposed the same via an amended judgment, thereby restarting the period in which Petitioner could file a timely appeal [Docs. 25–27]. The Sixth Circuit affirmed the amended judgment, sentence, and armed career criminal designation on September 12, 2014 [Doc. 34]. Petitioner's judgment became final for purposes of § 2255(f)(1) ninety days later on October 7, 2014. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (explaining that a conviction affirmed on appeal becomes final when the period for seeking a writ of certiorari expires); U.S. Sup. Ct. R. 13(3) (providing ninety-day period for requesting a writ of certiorari, running from the date of the Court of Appeal decision).

The United States Supreme Court decided *Johnson v. United States*—invalidating the residual clause of the ACCA—on June 26, 2015. 135 S. Ct. 2551 (2015). Petitioner filed the original petition for collateral relief less than one year later, on April 14, 2016 [Doc. 38].

## II.    TIMELINESS OF PETITIONER'S CLAIMS

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right

asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Supreme Court precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (U.S. 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). Thus, the petition falls safely within the one-year period for filing a timely request for *Johnson*-based relief [Doc. 38].

## III.    STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## IV.    ANALYSIS

Petitioner articulates a single ground of collateral attack, arguing *Johnson* removed all eight of his burglary convictions from § 924(e)'s definition of "violent felony" [Doc. 38 pp. 7–11; Doc. 43 pp. 7–11 (arguing, without citation, that the convictions no longer qualify as predicate offenses under the ACCA)].

### A. Categorization as Career Offender after *Johnson v. United States*

The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.* Nor did *Johnson* disturb the use of prior serious drug offenses as predicates.

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "violent felonies" under one of the unaffected provisions of § 924(e). *See e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause),

4

*overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n. 1 (2016). To determine whether a particular offense qualifies as a violent felony under any of the prongs of the above definition, courts must first identify the precise crime of conviction. *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013). They do so by employing a "categorical approach," under which it looks "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Id.* at 2283.

A review of Petitioner's PSR reveals that a sufficient number of his prior convictions categorically qualify as violent felonies independent of the now-defunct residual clause and, as a result, the Court finds that Petitioner has failed to demonstrate an entitlement to collateral relief. Specifically, binding Sixth Circuit precedent makes clear that all six of Petitioner's prior Tennessee burglary offenses [PSR ¶¶ 54, 56, 57], categorically qualify as generic burglaries and, thus, predicate offenses under the ACCA's enumerated-offense clause. *See, e.g.*, *United States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015) (confirming, post-*Johnson*, that Tennessee third-degree burglary is categorically a violent felony under the enumerated-offense clause); *United States v. Jones*, 673 F.3d 497, 505 (6th Cir. 2012) (holding that Tennessee second-degree burglary categorically qualifies as generic burglary). Because *Johnson* does not undermine the propriety of his armed career criminal designation, Petitioner has failed to demonstrate that his sentence was imposed in contravention of the laws of the United States.[2]

## IV.    CONCLUSION

For the reasons discussed above, Petitioner's § 2255 motion [Docs. 38, 43] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from

---

[2]    The Court declines to address whether Petitioner's aggravated burglary convictions still qualify as violent felonies under the ACCA's enumerated offense clause as well. *See United States v. Stitt*, 646 F. App'x 454 (6th Cir. 2016) (granting *en banc* review to resolve that issue).

this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

ORDER ACCORDINGLY.

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

6